UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SNELL & WILMER, LLP, an Arizona Limited Liability Partnership,<br><br>         Plaintiff,<br> v.<br>CLAY SERENBETZ, an individual,<br><br>         Defendant. | Case No. 3:16-cv-00129-MMD-VPC<br><br>ORDER<br><br>(Cross-Defs.' Motion for Summary Judgment – ECF No. 35) |
| CLAY SERENBETZ, an individual,<br><br>         Cross-Complainant,<br> v.<br>CRAIG DENNEY, an individual, SNELL & WILMER, LLP, an Arizona Limited Liability Partnership, and DOES 1 thru 50, inclusive,<br><br>         Cross-Defendants. | |

**I. SUMMARY**

Before the Court is Cross-Defendants Craig Denney and Snell & Wilmer's ("Cross-Defendants") Motion for Summary Judgment ("Motion"). (ECF No. 35.) The Court has reviewed Cross-Complainant Clay Serenbetz's response (ECF No. 40) and Cross-Defendants' Reply (ECF No. 42). Cross-Defendants' Motion is granted for the reasons discussed below.

## II. BACKGROUND

The relevant facts are not in dispute and are taken from the parties' pleadings.

Clay Serenbetz retained the law firm of Snell & Wilmer to defend him in a criminal matter. (ECF No. 33 at ¶ 6.) Mr. Serenbetz neglected to pay his legal fees, and Snell & Wilmer filed a Complaint against Mr. Serenbetz to recover the fees. (ECF No. 35 at 5; ECF No. 35-2 at ¶ 4.) Snell & Wilmer also withdrew as counsel and asserted a lien on Mr. Serenbetz's file. (ECF No. 35 at 5.) Mr. Serenbetz obtained new counsel, to whom Snell & Wilmer initially declined to release Mr. Serenbetz's file. (*See id.* at 5 n.1.) When the Court asked Snell & Wilmer why the firm had not released Mr. Serenbetz's file, Craig Denney (an attorney for Snell & Wilmer) responded by email. (*Id.* at 5.) Mr. Denney stated that the firm "has not turned over Mr. Serenbetz's file because we have asserted an attorney's lien on the file . . . ." (*Id.*)

Mr. Serenbetz then filed a "Cross-Complaint" against Snell & Wilmer as well as Mr. Denney alleging legal malpractice, public disclosure of private facts, and breach of fiduciary duty, all based on the email Mr. Denney sent to the court. (ECF No. 7 at 3-6.) The Cross-Complaint was later amended to only claim legal malpractice and breach of fiduciary duty. (ECF No. 33 at 3-5.)

## III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge

to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

IV. **DISCUSSION**

A. **Duplicative Claims**

Cross-Defendants argue that Cross-Complainant's two claims—legal malpractice and breach of fiduciary duty—should be considered as one. (ECF No. 35 at 6.) The Court agrees. A claim for breach of fiduciary duty arising from an attorney-client

relationship is a legal malpractice claim. *Stalk v. Mushkin*, 199 P.3d 838, 842-44 (Nev. 2009).

**B.   Adequacy of Pleadings**

The Court will consider only the legal arguments presented by the parties because they do not dispute any genuine issues of material fact. Cross-Complainant's claim is based solely on the email Mr. Denney sent to the court (ECF No. 35 at 5-6), a fact that Cross-Complainant failed to dispute in either his response brief (ECF No. 40) or his Response to Interrogatories (ECF No. 35-6).

Cross-Defendants argue that Cross-Complainant's claim cannot survive summary judgment because Cross-Complainant failed to include an allegation in his Cross-Complaint that he received appellate or post-conviction relief. (ECF No. 35 at 7.) A litigant claiming legal malpractice against private criminal defense counsel "must plead that he or she has obtained appellate or post-conviction relief in order to overcome a motion for summary judgment or a motion to dismiss." *Morgano v. Smith*, 879 P.2d 735, 737 (Nev. 1994). Cross-Complainant failed to allege that he received appellate or post-conviction relief in his First Amended Cross-Complaint. (ECF No. 33.) Moreover, Cross-Complainant stated that he has not obtained any post-conviction relief in his Response to Interrogatories. (ECF No. 35-6 at 12.) Consequently, Cross-Complainant's claim fails as a matter of law.

In light of the inadequacy of Cross-Complainant's pleading and his failure to show any genuine issues of material fact, this Court grants Cross-Defendants' Motion.

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Cross-Defendants' Motion for Summary Judgment (ECF No. 35) is granted.

The Clerk is instructed to enter judgment in favor of Snell & Wilmer and Mr. Denney as to the claims in the Cross-Complaint.

DATED THIS 14th day of September 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE